**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

ANDERSON WALLACE, JR.,

    *Plaintiff*,

    v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 25‑2178 (SLS)

Judge Sparkle L. Sooknanan

---

**MEMORANDUM OPINION**

Anderson Wallace, Jr. served our country in the United States Army until his discharge. He brought this lawsuit to challenge his 1989 court-martial conviction and filed several emergency motions seeking immediate relief. The Government now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) arguing, among other things, that Mr. Wallace's service was defective, that this Court lacks jurisdiction over his claims, and that his claims are time-barred. The Court recognizes that Mr. Wallace continues to suffer consequences from his court-martial conviction. Nonetheless, the Court agrees with the Government that it cannot hear Mr. Wallace's claims for monetary relief and must dismiss his remaining claims as untimely.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because Mr. Wallace is proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

Mr. Wallace is a sixty-seven-year-old man living in Louisiana who served as a staff sergeant in the United States Army. Compl. at 1, 9, ECF No. 1; App'x 6, ECF No. 1-1. In 1989, he was subject to a court-martial proceeding on charges that he had used and distributed cocaine. App'x 6. The "convening order" for Mr. Wallace's court-martial was issued on July 24, 1989, and the charges against him were "preferred" eight days later, on August 1, 1989. Compl. at 3; App'x 4, 6. Mr. Wallace's fundamental contention is that the sequence of these two events made his court-martial proceeding improper—*i.e.*, that "[a] court-martial convening order . . . cannot legally authorize proceedings for charges not [yet] preferred." Compl. at 12. He also alleges that this procedural irregularity led to and was followed by various other constitutional violations. Compl. at 3. These include that the prosecutor in the case who signed the convening order was improperly allowed to "convene his own court martial, select his own jury, and then prosecute" Mr. Wallace. Opp'n 22, ECF No. 24.

Over the past year, Mr. Wallace has made repeated attempts to challenge his court-martial proceeding before the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces. Compl. at 2. His requests for relief have either been denied or remain pending. Compl. at 4–7. As a result, he alleges that "[n]o functioning military appellate court can provide constitutional relief"; that the "System-Wide" "[m]ilitary justice breakdown affect[s] all service members"; and that the breakdown can be corrected only by "federal intervention." Compl. at 7, 9.

Mr. Wallace filed this lawsuit on July 8, 2025, against the United States of America, the U.S. Attorney's Office for the District of Columbia, and the U.S. Department of Justice. Compl. In his Opposition to the Government's Motion to Dismiss, Mr. Wallace says that "[t]his case presents one claim: the 1989 court-martial is void ab initio." Opp'n 3. The "primary relief" Mr. Wallace seeks is a declaration to that effect under the Declaratory Judgment Act, 28 U.S.C.

2

§ 2201. Opp'n 12–13; Compl. at 10. In addition to citing the Declaratory Judgment Act, Mr. Wallace's Complaint alleges "violations of due process, equal protection, and federal criminal statutes (18 U.S.C. §§ 4, 1503, 242)." Compl. 3. The Complaint also seeks injunctive relief "ESTABLISH[ing] FEDERAL OVERSIGHT [over the] military appellate courts," expunging Mr. Wallace's military records, and restoring the back pay and benefits he lost because of his conviction. Compl. at 11. After filing his Complaint, Mr. Wallace submitted numerous motions seeking emergency relief, urging the Court to expedite its consideration of his suit, and otherwise raising various procedural and substantive issues. *See* ECF Nos. 6, 7, 8, 9, 10, 14. The Court denied each of those motions as premature or procedurally improper. *See* Min. Order (July 31, 2025); Min. Order (Dec. 23, 2025). On January 27, 2026, the Government moved to dismiss Mr. Wallace's lawsuit. Mot. Dismiss, ECF No. 22. That motion is now ripe for review. Pl.'s Opp'n.

## LEGAL STANDARD

"Rule 12(b)(5) governs motions to dismiss for insufficient service of process." *Jones-Richardson v. Univ. of Phx.*, 334 F.R.D. 349, 352 (D.D.C. 2020). A plaintiff must serve process in the manner prescribed by Federal Rule of Civil Procedure 4. *See, e.g.*, *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 78 (D.C. Cir. 2014). Under that rule, a copy of the summons and complaint may be served by "[a]ny person who is at least 18 years old and not a party" to the lawsuit. Fed. R. Civ. P. 4(c)(2). Service on the United States may be effected by sending copies of the summons and complaint "by registered or certified mail" to the U.S. Attorney for the district where the action is brought and the Attorney General. *Id.* R. 4(i)(1). When a defendant objects to improper service of process, the plaintiff "bears the burden of proving that he properly served" the defendant. *Padgett v. Vilsack*, No. 24-cv-2954, 2024 WL 5283897, at *2 (D.D.C. Nov. 8, 2024).

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up). A plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject[]matter jurisdiction over her claims." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). When evaluating a motion under Rule 12(b)(1), "the court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Sandoval v. U.S. Dep't of Justice*, 322 F. Supp. 3d 101, 104 (D.D.C. 2018).

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (cleaned up). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (first quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); and then quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). "Although a pro se complaint must be construed liberally, the complaint must still

4

present a claim on which the Court can grant relief to withstand a Rule 12(b)(6) challenge." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (cleaned up).

## DISCUSSION

The Government moves to dismiss under Rule 12(b)(5) for defective service, under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. The Court addresses each of these grounds in turn and ultimately dismisses some of Mr. Wallace's claims under Rule 12(b)(1) and the remainder under Rule 12(b)(6).

### A.    Defective Service

"Unless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Jones-Richardson*, 334 F.R.D. at 352 (alteration adopted) (quoting *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007)). The Government argues that Mr. Wallace's service was defective because he personally attempted to achieve service by mailing the summons and complaint himself. Mot. 7. The Court agrees.

Rule 4(c)(2) states that service may be effected by "[a]ny person who is . . . *not a party*" to the action. Fed. R. Civ. P. 4(c)(2) (emphasis added). That rule applies "even when a plaintiff personally attempts to serve a defendant *by mail*," *Johnson-Richardson*, 334 F.R.D. at 353 (emphasis added), and even when the defendant is the United States, *Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009) (collecting cases).

Mr. Wallace's attempt at service clearly violates this rule. He does not dispute that he personally "mailed the issued summons and complaint to [the] Defendants via USPS certified mail." Pl.'s Notice at 3, ECF No. 16; *see also* Opp'n 4. Instead, he argues that such service is authorized by Rule 4(i)(1). Opp'n 4. This is not correct. While Mr. Wallace is right that Rule 4(i)(1) authorizes serving the United States by mail, it does not negate Rule 4(c)(2)'s requirement

that such service be effected by a non-party. Indeed, "virtually every court that has addressed the issue has concluded that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2)." *Smith v. United States*, 475 F. Supp. 2d 1, 9 (D.D.C. 2006) (collecting cases); *see also Johnson-Richardson*, 334 F.R.D. at 357 ("Rule 4(c)(2) describes who can make service, and Rule 4(i) prescribes the method by which service can be effected." (cleaned up)).[1] This means that while Mr. Wallace was permitted to effect service via mail under Rule 4(i), he could not do so himself. Accordingly, his service is defective.

While district courts have "broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983). Here, it seems quite likely that Mr. Wallace could correct the defect identified. Thus, his failure to effect service does not on its own "warrant dismissal." *Johnson-Richardson*, 334 F.R.D. at 357 (providing pro se plaintiff with 45 days to perfect service).

### B.    Subject Matter Jurisdiction

Turning to subject matter jurisdiction, the Government argues (1) that Mr. Wallace's suit is barred in its entirety by sovereign immunity, (2) that Mr. Wallace's claims fall outside the narrow scope of challenges to court-martial decisions that this Court may review, and (3) that to the extent Mr. Wallace asks this Court to award back pay, benefits, or other monetary compensation, those requests may only be made in the Court of Federal Claims. Mot. 7–13. The Court rejects the first two arguments but agrees with the third.[2]

---

[1] The court in *Johnson-Richardson v. University of Phoenix*, 334 F.R.D. 349, 356 (D.D.C. 2020), applied the same reasoning to conclude that Rule 4(c)(2) bars a plaintiff from personally serving a defendant via mail even when doing so is in accordance with state law under Rule 4(e)(1).

[2] The Government also argues that "[t]o the extent" Mr. Wallace asks this Court to "compel

Courts in this District have consistently found "subject matter jurisdiction under 28 U.S.C. § 1331 to hear a non-custodial plaintiff's collateral attack on a court martial when [the plaintiff] alleges that the court martial had no jurisdiction or there was some other equally fundamental defect in the proceedings." *See, e.g.*, *Penland v. Mabus*, 78 F. Supp. 3d 484, 492 (D.D.C. 2015) (citing *Schlesinger v. Councilman,* 420 U.S. 738 (1975)); *see also Cothran v. Dalton*, 83 F. Supp. 2d 58, 64 (D.D.C. 1999)*, aff'd*, 6 F. App'x 9 (D.C. Cir. 2001) ("sovereign immunity is no bar" to "collateral review of court martial convictions where constitutional claims are alleged"). The D.C. Circuit has recognized this as well, noting that while "review by a civil court of a judgment issued by a military court" is generally barred, *Piersall v. Winter*, 435 F.3d 319, 324 (D.C. Cir. 2006), there is an exception for collateral attacks alleging that a judgment is "void" due to jurisdictional or other defects, *Schlesinger*, 420 U.S. at 748; *see also Sanford v. United States*, 586 F.3d 28, 31–33 (D.C. Cir. 2009); *U.S. ex rel. New v. Rumsfeld*, 448 F.3d 403, 406 (D.C. Cir. 2006).

Here, that is precisely what Mr. Wallace alleges. He asserts that his 1989 court-martial "must be declared void as a matter of law" because "sequence violations"—*i.e.*, that his court-martial was convened before the charges were preferred—deprived the court-martial of jurisdiction. Compl. 10, 12; Opp'n 11. It is thus "clear" that the Court has "jurisdiction to consider" his attack on the validity of his court-martial. *See Penland*, 78 F. Supp. 3d at 492.

---

criminal" prosecution of executive officials, Mot. 14—*e.g.*, by requesting "CRIMINAL REFERRAL of CAAF officials for obstruction of justice violations," Compl. 11—those claims must be dismissed under Rule 12(b)(1) and 12(b)(6), Mot. 14. The Court agrees that to the extent Mr. Wallace seeks "the referral of [any unnamed] defendants for criminal prosecution, he 'lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Shekar v. Duff*, No. 22-5211, 2023 WL 6883766, at *1 (D.C. Cir. Oct. 17, 2023) (per curiam) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022) (per curiam) (a private party "cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of" others).

The Court is not similarly capable of adjudicating any of Mr. Wallace's claims seeking "COMPLETE RESTORATION" of his "[b]ack pay and benefits." Compl. 11. "Under the Tucker Act, the Court of Federal Claims is vested with exclusive jurisdiction over cases involving non-tort money damages in excess of $10,000." *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 169 (D.C. Cir. 2006). "Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Id.* (quoting *Kidwell v. Dep't of the Army*, 56 F.3d 279, 284 (D.C. Cir. 1995)).

Here, Mr. Wallace explicitly seeks monetary relief as part of his claims. "Though he does not specify an amount" in his Complaint, his demand for back pay and benefits since 1989 surely "amount[s] to more than $10,000."[3] *See Maxberry v. Wormuth*, No. 23-cv-1283, 2025 WL 880229, at *3 (D.D.C. Mar. 5, 2025) (reaching the same conclusion about a plaintiff's claims for back pay and benefits since his Army discharge in 1978). And Mr. Wallace does not identify "other grounds for district court jurisdiction" over any claim for monetary relief, *see Tootle*, 446 F.3d at 169, to match the jurisdiction that this Court may assert over his equitable claims. Accordingly, any claims for monetary relief based on back pay and benefits are subject to the exclusive jurisdiction of the Court of Federal Claims and must be dismissed for lack of jurisdiction.

### C.      Failure to State a Claim

The Government next argues that even if the Court has subject matter jurisdiction over certain of Mr. Wallace's claims, it must dismiss those claims as time-barred. The Court agrees.

---

[3] While the Government notes that Mr. Wallace's Civil Cover Sheet states a monetary demand of $20,000,000, *see* Mot. 10 (citing Civil Cover Sheet, ECF No. 1-2), the Court does not rest its analysis on this point. *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.")

"At the motion to dismiss stage, dismissal on statute-of-limitations grounds is proper 'only if the complaint on its face is conclusively time-barred.'" *Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 788 (D.C. Cir. 2019) (quoting *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 922 F.3d 459, 464 (D.C. Cir. 2019)). That is the case here. The applicable statute of limitations provides that civil actions like Mr. Wallace's that are "commenced against the United States" must be brought "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). And Mr. Wallace's claim clearly accrued more than six years before he filed this lawsuit.

As Mr. Wallace acknowledges, this case fundamentally "presents one claim": that his "1989 court-martial" is void as a matter of law. Opp'n 3. That claim accrued in 1989 when the court-martial occurred. The fact that Mr. Wallace frames some of his harms as ongoing does not change the analysis. Neither do Mr. Wallace's allegations that military appellate courts have more recently been unwilling or unable to provide him with relief. *See Felter v. Kempthorne*, 473 F.3d 1255, 1259 (D.C. Cir. 2007) (rejecting effort by the plaintiff to "recharacterize her claim by asserting" that she was challenging an agency's "failure to rectify its past illegal" action). And Mr. Wallace has not alleged facts that might support equitably tolling the statute of limitations. *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020) (equitable tolling is "appropriate only in rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result" (cleaned up)); *see also Maxberry*, 2025 WL 880229, at *3 (rejecting equitable tolling as a basis to toll the statute of limitations regarding a similar claim by a plaintiff challenging his discharge from

the Army in 1978).[4] Accordingly, all of Mr. Wallace's claims over which the Court has jurisdiction must be dismissed under Rule 12(b)(6) as time-barred.[5]

Finally, the Court notes that even if Mr. Wallace's claims were not time-barred, it has serious doubts about whether he could ultimately prove that his court-martial was fundamentally defective for the reasons he identifies. Mr. Wallace relies heavily on *United States v. Estrada*, 69 M.J. 45 (C.A.A.F. 2010), to assert that his court-martial proceeding was "automatically void[]" and thus may be attacked more than three decades after the fact. *See* Opp'n 4, 10, 27. That reliance is misplaced. According to Mr. Wallace, *Estrada* "holds that 'if an action is taken by someone who does not yet have the authority to take it, that action is void ab initio.'" Opp'n 20. But the language that Mr. Wallace purports to quote from *Estrada* is not in the opinion. And the opinion does not stand for the proposition that Mr. Wallace asserts.

In *Estrada,* the appellant, who was an army reservist on active duty, was convicted by court-martial for fraudulent activity related to travel expenses. *Estrada*, 69 M.J. at 46. The military judge sentenced Ms. Estrada to a "bad-conduct discharge." *Id.* But before the convening authority for the court-martial had acted, the U.S. Army Human Resources Command issued Ms. Estrada an "honorable" administrative discharge. *Id.* The convening authority for Ms. Estrada's court-martial subsequently approved the "bad-conduct discharge" and voided the honorable discharge as "erroneously issued." *Id.* Ms. Estrada appealed, arguing that the honorable administrative discharge she had received before the convening authority's action "remitted the adjudged bad

---

[4] Mr. Wallace cites several cases in response to the Government's arguments regarding timeliness. *See* Opp'n 10. The Court notes that many of the quotes that Mr. Wallace uses do not appear in the cases to which he attributes them. In any event, none of the cases offer on point reasoning that alters the Court's analysis.

[5] If the Court did have subject matter jurisdiction over Mr. Wallace's claims for monetary relief, those claims would also be dismissed as untimely.

conduct discharge." *Id.* at 46–47. The U.S. Court of Appeals for the Armed Forces disagreed, reading the relevant Army regulation to require that "a convening authority's subsequent approval of a punitive discharge supersedes a previous, erroneously issued, administrative discharge." *Id.* at 48.

The Court fails to see how the situation in *Estrada* is analogous to the situation alleged by Mr. Wallace. The *Estrada* court was applying a particular regulation in a particular context. The decision did not set forth a generally binding rule regarding "sequence requirements." *See* Opp'n 27. Nor does it support Mr. Wallace's argument that any actions that "occur out of required sequence," Compl. at 3, are "automatically voided." Opp'n 3. The Court is thus unconvinced that Mr. Wallace's arguments would carry the day even if he could establish that his claims are timely. *See Sampson v. Dep't of the Army*, No. 23-cv-1373, 2024 WL 1071051, at \*2 (D.D.C. Mar. 12, 2024) (dismissing plaintiff's challenge to court-martial where he had "not alleged plausible facts calling into doubt the authority of the court-martial nor asserted some other equally fundamental defect in the proceedings to support a declaration that the judgment is void" (cleaned up)).

## CONCLUSION

For all these reasons, the Court grants the Government's Motion to Dismiss, ECF No. 22. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 7, 2026

11